# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## HENRY RANKINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P -25228   J.C. McLin, Judge**

---

**No. W2003-01749-CCA-R3-PC  - Filed May 10, 2004**

---

The Petitioner, Henry Rankins, filed a petition for post-conviction relief based on the Post-Conviction DNA Analysis Act.  The trial court denied relief and Petitioner now seeks review of the lower court's decision.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  After review, we conclude that the petition fails to satisfy the criteria of the Post-Conviction DNA Analysis Act. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Henry Rankins, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, State of  Tennessee.

## MEMORANDUM OPINION

On March 14, 1997, Petitioner entered a guilty plea to rape of a child and received a sentence of fifteen years in the Department of Correction.  He later sought post-conviction relief on June 14, 2001.  The petition was dismissed by the trial court as time-barred.  Petitioner did not seek appellate review of the lower court's dismissal.

On May 9, 2003, Petitioner filed a "Request for Forensic DNA Analysis Pursuant to T.C.A. § 40-30-401 . . . of the Post-Conviction DNA Analysis Act of 2001." *See* Tenn. Code Ann. § 40-30-401 (*recodified at* Tenn. Code Ann. § 40-30-301 (2003)).  In support of his request, Petitioner claimed that "the human biological evidence has never been subject to DNA Analysis for

1

comparison and identification purposes from both petitioner and/or the alleged victim of cause of action." He maintained that "[t]he probability does exist that the petitioner would not have been prosecuted and/or convicted if exculpatory results had been obtained through DNA Analysis." Furthermore, he contended that "[t]he availability of DNA Analysis would had [sic] produced a more favorable result leading to the petitioner's innocence of the charged offense." The State responded that:

> [s]erological evidence was obtained from both the victim and the Petitioner in this case. That evidence was submitted for laboratory examination and analysis. A DNA profiled was obtained from a sperm fraction isolated from a vaginal swab from the victim and was found to be consistent with the DNA profile from the Petitioner. It was concluded that Petitioner could not be eliminated as a possible source of genetic material detected in the sample.

The State supported its response with the Official RFLP DNA Report dated December 9, 1996. The State further asserted that this evidence was forwarded to Petitioner's trial counsel. By order entered June 24, 2003, the trial court denied relief, finding that "the human biological specimens obtained in this case have been subjected to prior DNA analysis, [therefore] the Petitioner does not state a claim for which relief can be granted." Petitioner now seeks this Court's review, contending that his trial counsel never provided "him" a copy of the laboratory examination and analysis and, therefore, he should have been provided a hearing to determine the merits of the claim.

The Post-Conviction DNA Analysis Act of 2001 allows a defendant convicted of certain crimes, including rape of a child, to petition the court at any time for DNA analysis of evidence in the possession or control of the State. *See* Tenn. Code Ann. § 40-30-403 (*recodified at* Tenn. Code Ann. §40-30-303(2003)). Courts will order DNA testing when:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-404 (*recodified at* Tenn. Code Ann. § 40-30-304). Additionally, Tennessee Code Annotated section 40-30-405 provides:

> After notice to the prosecution and an opportunity to respond, the court *may* order DNA analysis if it finds that:
> (1) A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-405 (*emphasis added*) (*recodified at* Tenn. Code Ann. § 40-30-305).

This Court has held that "[t]he failure to meet any of the qualifying criteria is, of course, fatal to the action." *William D. Buford v. State,* No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at * 6 (Tenn. Crim. App. at Nashville, Apr. 24, 2003), *perm. to appeal dismissed,* (Tenn. Sept. 2, 2003). The trial court found that the record supported the conclusion that the evidence was previously subjected to DNA analysis. We agree with the lower court's determination. The Petitioner entered a guilty plea to rape of a child. The results of DNA testing established that the DNA profile was consistent with that of the Petitioner. These results were divulged to Petitioner's counsel prior to entry of the guilty plea. Petitioner's claim fails pursuant to Tennessee Code Annotated section 40-30-404(3) and Tennessee Code Annotated section 40-30-405 (3).

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOE G. RILEY, JUDGE